IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT BONDICK,

        Plaintiff,

        v.

LANE COUNTY; CITY OF EUGENE; CITY OF EUGENE POLICE; LANE COUNTY DISTRICT ATTORNEY'S OFFICE; EUGENE CITY PROSECUTOR'S OFFICE; and JESSICA SAYDACK,

        Defendants.

Case. No. 6:21-cv-1312-MC

OPINION AND ORDER

MCSHANE, Judge:

*Pro se* plaintiff Robert Bondick seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. Plaintiff brings a claim under 42 U.S.C. § 1983 for violation of his Sixth Amendment right to speedy trial, as well as claims for conspiracy, malpractice, and negligence. Compl. 1, ECF No. 1. Plaintiff's claims arise from his arrest and subsequent prosecution at the state level. Compl. 1–4.

Plaintiff's Sixth Amendment claim fails because the prosecutor dropped Plaintiff's criminal charges. Compl. 3. The Sixth Amendment right to speedy trial protects the presumptively innocent during the period between accusation and conviction. *Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016). The sole remedy for a violation of the speedy trial right is dismissal of the charges. *Id.* (citing *Strunk v. United States*, 412 U.S. 434, 440 (1973)). Any

1 – OPINION AND ORDER

alleged violation of Plaintiff's Sixth Amendment right to speedy trial has already been remedied by dismissal of his charges. Plaintiff's Sixth Amendment claim therefore fails.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for conspiracy, negligence, and malpractice. A district court may decline to exercise supplemental jurisdiction over related state law claims where it has dismissed all federal claims. 28 U.S.C. § 1367(c)(3). In doing so, the court should consider values of "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997). Plaintiff's only federal claim is dismissed and the case is in its earliest stage. As such, the Court finds that declining to exercise supplemental jurisdiction over Plaintiff's state law claims promotes judicial economy, convenience, and fairness.

Because leave to amend would be futile, Plaintiff's Sixth Amendment claim is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED

DATED this 29th day of September, 2021.

                                                   /s/ Michael McShane
                                                    Michael McShane
                                       United States District Judge